IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BERG SPIRAL PIPE CORP.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 17-066-CG-M |
| | ) | |
| | ) | |
| **ELWOOD STAFFING SERVICES, INC.,** | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

# ORDER

This matter is before the Court on the motion of Defendant Elwood Staffing Services, Inc. ("Elwood") for change of venue pursuant to 28 U.S.C. § 1404(a) (Doc. 6), opposition thereto filed by Plaintiff Berg Spiral Pipe Corp ("Berg Spiral") (Doc. 14), and Elwood's reply (Doc. 15). For reasons that will be explained below, the Court finds that the forum selection clause contained in the agreement at issue in this case is permissive, rather than mandatory. Accordingly, since Elwood has offered no other reason why this action should be transferred to another court, the motion for change of venue will be denied.

Elwood requests that this case be transferred to the Federal District Court for the Southern District of Indiana, Indianapolis Division pursuant to 28 U.S.C. § 1404(a). Berg Spiral brought this case asserting breach of contract and other claims arising from Elwood's provision of temporary staffing pursuant to an agreement with Berg Spiral. Elwood contends that their agreement contains a forum selection clause that mandates that venue for such disputes be in Bartholomew County,

Indiana.  Elwood does not contend that venue is improper under § 1391, but that in light of the parties' agreement, venue should be transferred pursuant to § 1404(a).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Relevant § 1404 factors include:

> "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citations omitted).  In considering these factors, the reviewing court "must evaluate both the convenience of the parties and various public-interest considerations," and it must then "decide whether, on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interest of justice." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (internal quotations omitted).  "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* (citation and internal quotations omitted).  "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (citation omitted).

2

However, to be given controlling weight, the forum selection clause must represent the parties' agreement as to the most proper forum rather than an agreement as to what *may* constitute a proper forum. "A permissive forum-selection clause … only 'authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere.'" *U.S. ex rel. MDI Servs., LLC v. Fed. Ins. Co.*, 2014 WL 1576975, at *3 (N.D. Ala. Apr. 17, 2014) (quoting *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004)). "[T]he parties to a permissive forum-selection clause only bargain for what may constitute a proper forum, rather than what constitutes the exclusive forum for litigating disputes." *Id.*

In the agreement at issue in the instant case, the clause in question states the following in pertinent part:

> These Terms & Conditions of Service shall be interpreted according to the laws of the State of Indiana without regard to conflicts of law principles. In the event of a dispute, the parties agree that jurisdiction for any action brought pursuant to or in connection with these Terms & Conditions of Service shall lie in the state or federal courts over Bartholomew County, Indiana.

(Doc. 6-1, p. 5, ¶ 19). Elwood contends that such language represents a mandatory forum selection clause. Berg Spiral disagrees, arguing that the forum selection clause is permissive, rather than mandatory, because the language does not state that the courts of Bartholomew County, Indiana are the *sole* or *exclusive* venue where disputes involving the agreement may be adjudicated.

The Court finds the clause does not mandate the proper venue because it only states that the parties agree that the Bartholomew County, Indiana courts will

3

have jurisdiction over such disputes. The clause does not exclude the possibility of other forums. In *Atlantic Marine*, the Supreme Court found mandatory a forum-selection clause that stated that all disputes between the parties "shall be litigated" in a particular court. *Atl. Marine*, 134 S.Ct. at 575. The clause in the instant case uses the word "shall" but only states that *jurisdiction* "shall lie" in the courts in Bartholomew County. The clause does not indicate that jurisdiction shall exclusively lie in Bartholomew County. Nowhere in the clause does it state that the parties must bring any action in a court in Bartholomew County, only that they agree jurisdiction will lie in a court in Bartholomew County if an action were brought there. There is no exclusive language in the clause precluding the parties from bringing claims in other courts. The clause is ambiguous in this regard, and thus is subject to the reasonable interpretation that the parties merely agreed that any objections to jurisdiction in a court in Bartholomew County by either of them would be barred. Jurisdiction elsewhere was not waived.

Elwood argues that the Eleventh Circuit has not indicated a distinction between consenting to exclusive jurisdiction as opposed to exclusive venue and that the words "sole" and "exclusive" are not necessarily required to make a clause mandatory. Elwood points to the clauses found to be mandatory in *Florida Polk County v. Prison Health Servs.*, 170 F.3d 1081 (11th Cir. 1999), V*elazquez v. U.S.A. Sogo, Inc.*, 234 F.3d 33 (11th Cir. 2000), and *Pelican Ventures, LLC v. Azimut S.p.A.*, 2004 WL 3142550 (S.D. Fla. July 28, 2004). However, the Court finds these cases are distinguishable.

4

In *Velazquez*, the parties had agreed that "[a]ny dispute or claim shall be submitted to the court of Barcelona, Spain." *Velazquez v. USA Sogo, Inc.*, 1999 WL 737915, at *3 (S.D. Fla. Aug. 19, 1999), aff'd sub nom. *Velazquez v. U.S. Sogo, Inc.*, 234 F.3d 33 (11th Cir. 2000). Unlike the clause in the instant case, the *Velazquez* clause clearly requires that *any* dispute must be brought in the selected jurisdictions.

The *Polk County* case considered a clause that "vested 'jurisdiction regarding the rights and obligations of either party under this Agreement and all litigation resulting therefrom ... in the ... [circuit court of] Polk County, Florida.'" *Florida Polk City. v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 (11th Cir. 1999). The Court found that construing the clause as permissive would render the clause meaningless because jurisdiction was already clearly established in the forum referenced in the selection clause and the clause was not necessary to create jurisdiction. *Id.* at 1084. The Polk County action was originally begun in the Circuit Court of Polk County, Florida but was removed to the United States District Court for the Middle District of Florida. *Id.* at 1082. However in the instant case, it is not clear that any state or federal court in Bartholomew, Indiana would necessarily have jurisdiction over "any action brought pursuant to or in connection with" the terms of the agreement. Thus, a permissive reading does not render the clause meaningless. *See e.g. Cardoso v. Coelho*, 596 F. App'x 884, 886 (11th Cir. 2015) (distinguishing clause in that case from clause in *Polk County* because "it is not clear that a court in Florianopolis would otherwise have jurisdiction . . ."). It is

5

unclear whether any state or federal court in Bartholomew County, Indiana would have jurisdiction over any action brought against Berg Spiral which is reportedly registered to do business in Alabama and is a Delaware corporation with its principal place of business in Panama City, Florida.

In *Pelican Ventures*, the clause in question stated that "[t]his Guarantee shall be governed and construed in accordance with Italian law and the place of jurisdiction shall be the Turin Courts." *Pelican Ventures,* 2004 WL 3142550, at *1 (S.D. Fla. July 28, 2004). The clause does not state that jurisdiction shall lie in Turin Courts, but that Turin Courts "shall be" "*the* place of jurisdiction." The *Pelican Ventures* Court agreed that to be mandatory "[t]here must be words communicating exclusivity to a given jurisdiction." *Id*. at *2. (citing *Wai v. Rainbow Holdings*, 2004 WL 943169, at *9 (S.D.Fla.2004)). The Court stated that if, as in that case, "the clause makes clear that jurisdiction can only be in one place, then it must be construed as mandatory." The court found the clause in that case to be unambiguous and not reasonably susceptible to any other interpretation. *Id.* at *5. Unlike the clause in *Pelican Ventures*, the clause in the instant case does not clearly specify that the stated forum is the *only* place of jurisdiction.

This Court previously analyzed and found a similar clause to be permissive in *Breland v. Levada EF Five, LLC*, 2015 WL 225394 (S.D. Ala. Jan. 16, 2015). In *Breland*, the forum selection clause stated that "the parties hereto irrevocably submit to the jurisdiction and venue of any state or federal court sitting in Salt Lake City, Utah over any action or proceeding arising out of or relating to this

6

Agreement or its interpretation." In *Breland,* this Court found that "the disputed clause is permissive, rather than mandatory, as the clause does not state that Utah is the state of exclusive venue, but rather dictates that the parties consent to jurisdiction in Utah and waive the right to object if a suit is brought in Utah." *Id.* at *9. Like the clause in *Breland*, the clause in the instant case does not make clear that jurisdiction is exclusive to the named courts. Accordingly, the Court finds that the forum selection clause at issue here is permissive rather than mandatory.

## CONCLUSION

For the reasons stated above, the motion of Defendant Elwood Staffing Services, Inc. for change of venue pursuant to 28 U.S.C. § 1404(a) (Doc. 6), is **DENIED**.

**DONE** and **ORDERED** this 20th day of April, 2017.

                 /s/ Callie V. S. Granade
                 SENIOR UNITED STATES DISTRICT JUDGE